## NATHANIEL P. DENNY *versus* HENRY EDDY *et al.*

The provision in Revised Stat. *c.* 120, § 24, that judgments of courts of record shall be presumed to have been satisfied at the expiration of twenty years from the rendition thereof, does not operate as an absolute bar to an action on such a judgment, but the presumption may be rebutted by evidence showing that the judgment has not in fact been satisfied.

And where a judgment was recovered against a principal and surety in 1817, and an action was brought on such judgment shortly after the expiration of twenty years from the rendition thereof, a partial payment made on the judgment by the surety, in 1820, without the knowledge of the principal, was held to be competent evidence, as against the principal, to rebut the legal presumption that the judgment had been satisfied.

THIS was an action of debt upon a judgment recovered by the plaintiff against Henry Eddy and William Denny, the defendants, in the Court of Common Pleas, in September, 1817. In the present action Denny was defaulted. Eddy relied on the statute of limitations.

By an agreed statement of facts it appeared, that the judgment was founded on a promissory note given to the plaintiff by Eddy, as principal, and Denny as surety ; and that on the 2d of June, 1820, the sum of $ 130 was paid on the judgment by Denny without the knowledge of Eddy.

It also appeared, that in August, 1837, Eddy, in conversation with the plaintiff, said to him, that if he would not sue him before the first day of September then next, he should have the same rights thereafter on such judgment, which he then had ; at the same time saying, that he, Eddy, had paid the judgment.

Judgment was to be rendered upon these facts, for the plaintiff or for the defendants, according to the opinion of the Court.

*Hartshorn*, for the plaintiff. The Revised Stat. *c.* 120, § 24, provides, that judgments of courts of record shall be presumed to have been satisfied at the expiration of twenty years after they were rendered. The judgment is not, in such case, absolutely barred, but the legal presumption may be rebutted by evidence showing that the judgment has not been satisfied. 3 Stark. on Evid. 1090 ; *Bass* v. *Bass*, 8 Pick. 187 ; 1 Phill. on Evid. 114. In the present case the presumption of satis-

*Oct.* 3d

faction is rebutted by the partial payment made by Denny. *Sigourney* v. *Drury*, 14 Pick. 387. As this payment was made before October 1, 1834, its operation is not affected by Revised Stat. *c.* 120, § 18.

*Brooks*, for the defendants. The most material question in this case is, whether the payment made by Denny operated to remove the statute bar as against Eddy, the principal. It has never been decided in this Court, that a partial payment by a surety will take a claim out of the statute as against the princi- pal. The principal is not to be deemed to have conusance of the acts of the surety, unless knowledge thereof is brought home to him.

But if the Court should be of opinion, that the principal is bound at common law by such a payment, then we rely on Re- vised Stat. *c.* 120, § 18, providing that one joint contractor shall not lose the benefits of that statute by reason of any payment made by the other. It is true, that the 25th section of the statute declares, that none of its provisions respecting the *ac- knowledgment* of a debt, or a *new promise* to pay it, shall ap- ply to any such acknowledgment or promise made before Oc- tober 1, 1834. But this section was not intended to apply to *partial payments.*

*Washburn*, in reply. A judgment is not a *contract.* 5 Dane's Abr. 220. It is not material, that the payment, in this case, was made by the party who was originally surety, as no distinction is made in the judgment between the principal and the surety.

DEWEY J. pronounced the opinion of the Court. We have not particularly considered the question arising upon the evi- dence relied on by the plaintiff as an estoppel *in pais* to the plea of the statute of limitations filed in this case, as it seems to us, that the plaintiff may well maintain his action notwith- standing the defendants shall be allowed the full benefit of such a plea. The only statute bar to an action on a judgment of a court of record is that contained in the Revised Stat. *c.* 120, § 24, providing that every such judgment "shall be presumed to be satisfied and paid at the expiration of twenty years after the judgment was rendered." This, in the opinion of a majority of the Court, is not a positive bar, but a mere statu-

tory enactment of the familiar common law principle, that after the lapse of twenty years a debt is presumed to be paid ; but this presumption may always be rebutted by evidence showing that the same has not in fact been paid, but remains justly due. The language of this section of the statute is unlike that used in the limitations of actions on contracts or torts. In the latter, it is provided, that the action shall be brought within a prescribed period from the time when the cause of action shall accrue ; but this prescribes no limit for instituting an action on a judgment of a court of record, but merely declares, that the legal presumption of payment of such a judgment shall arise after the expiration of twenty years. This presumption may, as we think, be rebutted by the plaintiff ; and the evidence offered of a partial payment by one of the judgment debtors, is competent for that purpose. The parties having submitted the effect of this evidence to the Court, the result is, such payment being shown within twenty years, the presumption authorized by the statute is controlled, and judgment is to be entered for the plaintiff.